BWW#: 127285

# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | |
|---|---|
| IN RE: | Case No. 16-60873-RBC |
| THOMAS LEE ZUTAUT | |
|     Debtor | Chapter 13 |

US BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE ON BEHALF OF AND WITH RESPECT TO AJAX MORTGAGE LOAN TRUST 2013-B, MORTGAGE BACKED NOTES, SERIES 2013-B

    Movant

vs.

THOMAS LEE ZUTAUT

    Debtor/Respondent

and

HERBERT L BESKIN

    Trustee/Respondent

## **MOTION FOR RELIEF FROM AUTOMATIC STAY**

COMES NOW, US Bank National Association, as Indenture Trustee on behalf of and with respect to Ajax Mortgage Loan Trust 2013-B, Mortgage Backed Notes, Series 2013-B (the "Movant"), by and through counsel, Andrew Todd Rich and BWW Law Group, LLC and respectfully represents as follows:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.

2. Movant is a mortgage lender.

3. On or about April 29, 2016, Thomas Lee Zutaut (the "Debtor") filed a voluntary petition for relief in this Court under Chapter 13 of the United States Bankruptcy Code.

4. Herbert L. Beskin is the Trustee of the Debtor's bankruptcy estate.

5. At the time of the initiation of the bankruptcy proceedings, the Debtor owned a parcel of real estate located in Fluvanna County, Virginia, and improved by a residence known as 4259 South Boston Road, Troy, VA 22974 (the "Property").

Andrew Todd Rich, VSB# 74296
8100 Three Chopt Rd., Suite 240
Richmond, VA 23229
(804) 282-0463
Attorney for the Movant

6.  The Property is encumbered by a Deed of Trust dated September 25, 2003, securing the Movant, and recorded among the land records of the jurisdiction in which all or part of the Property lies (the "Deed of Trust").  (A copy of the Deed of Trust is attached hereto and filed as Exhibit "1").

7.  The Deed of Trust secures payment of a promissory note in the original principal amount of $350,000.00 now payable to Movant (the "Note").  (A copy of the Note is attached hereto and filed as Exhibit "2").

8.  The Debtor is in default under the terms of the Note and Deed of Trust.  The Movant has accelerated the entire balance of the Note and Deed of Trust, and interest continues to accrue on a daily basis.

9.  The amount due to the Movant under the terms of the Note as of June 10, 2016 through July 31, 2016 is approximately $531,901.26, plus per diem interest and other advances made by the Movant (i.e., taxes, insurance), as well as attorney's fees and court costs related to this motion.

10.  The Debtor is due and owing for the May 01, 2016 post-petition payment and all payments thereafter.  Debtor has failed to make 3 post petition monthly payments, minus credit for funds in suspense, for a total post-petition arrearage of $12,180.87. (An Arrearage Worksheet is attached hereto and filed as Exhibit "3").

11.  The Property is not necessary for an effective reorganization by the Debtor, as the Debtor has declared an intention to sell the property to pay off all liens in full. Sale of the Property and satisfaction of the Movant's lien can be accomplished as effectively outside of bankruptcy as within it; there is no purpose in maintaining the automatic stay as it pertains to the Property. The Debtor has repeatedly demonstrated bad faith with respect to the obligations of the Note and Deed of Trust, and the instant Chapter 13 petition was filed soley to prevent a sale of the  Property. The protection provided to the Debtor by this Court is an abuse of the purposes of Title 11, Chapter 13.

12.  The Movant lacks adequate protection of its interest in the Property.  The Movant has been and continues to be irreparably injured by the stay of 11 U.S.C. §362(a) of the Bankruptcy Code which prevents Movant from enforcing its rights under the Note and Deed of Trust.  Cause exists for lifting the automatic stay imposed by 11 U.S.C. §362(a) of the Bankruptcy Code, to enable the Movant to enforce its rights under the terms of the Note and Deed of Trust.

WHEREFORE, the Movant prays that this Court:

1.  Enter an order, pursuant to 11 U.S.C. §362(d), lifting the automatic stay imposed by 11 U.S.C. §362(a) of the Bankruptcy Code, to enable Movant to enforce the lien of its Deed of Trust encumbering the Property, and to exercise all of the rights and remedies available to Movant pursuant to applicable state law and the terms of the Deed of Trust and Note;

2.  Enter an order providing that upon the filing of any subsequent petition, filed under any chapter of Title 11 for a period of one year, the automatic stay of 11 U.S.C. §362(a) will not stay any action as it relates to the Property.

3.  Grant such other and further relief as necessary.

Dated: July 19, 2016

Respectfully Submitted,
BWW Law Group, LLC

/s/ Andrew Todd Rich
Andrew Todd Rich, VSB# 74296
BWW Law Group, LLC
8100 Three Chopt Rd., Suite 240
Richmond, VA 23229
(804) 282-0463
(804) 282-0541 (facsimile)
bankruptcy@bww-law.com
*Attorney for the Movant*

**CERTIFICATE OF SERVICE**

I certify that on this 19th day of July, 2016, the following person(s) were or will be served a copy of the foregoing Motion for Relief from Automatic Stay via the CM/ECF system or by first class mail, postage prepaid:

Herbert L. Beskin, Trustee
P.O. Box 2103
Charlottesville, VA 22902

Melvin A. Burruss, Esq.
1160 Pepsi Place, Suite 341
Jordan Building
Charlottesville, VA  22901

Thomas Lee Zutaut
4259 South Boston Road
Troy, VA  22974

/s/ Andrew Todd Rich
Andrew Todd Rich